MUTUAL BANK OF ROSEVILLE, PLAINTIFF, v. WINFRED L. SMITH, DEFENDANT.

Submitted November term, 1922—Decided February 20, 1923.

On application for rule to show cause.

Before Justices KALISCH, BLACK and KATZENBACH.

For the plaintiff, *Roger Hinds*.

For the defendant, *Merritt Lane*.

PER CURIAM.

·This is an application for a rule to show cause. The suit was instituted in this court and tried at the Essex Circuit. At the conclusion óf the testimony the jury was, by consent, excused and the court decided the case, treating the question involved as one of the facts.

The court directed judgment to be entered against the defendant for the full amount of the plaintiff's claim, $11,165 principal, and $5,916.34 interest, a total of $17 081.34.

The suit was brought by the Mutual Bank of Roseville, an institution which arose from the ashes of the Roseville Trust Company, which had become insolvent through the peculations of its secretary and treasurer. It was founded upon a promissory reading as follows:

"New York, June 16, 1913.

"$11,165 .

"After date, I promise to pay to the order of C. P. Whitman and John B. Faunce, eleven thousand, óne hundred sixty-five and 00/100 dollars at Roseville Trust Company,

"WINFRED L. SMITH.

"Endorsements:

"C. P. WHITMAN,

"JOHN B. FAUNCE."

The plaintiff claims that this note was given by the defendant to Whitman and Faunce, the payee, for capital stock of the Interstate Land and Securities Company. The note was taken by Whitman to. Raymond E. Smith, secretary and treasurer of the Roseville Trust Company for the purpose of having the proceeds of the note placed to the credit of the Interstate Land and Securities Company. The defendant claimed that the note was loaned by him to be used for the credit of the Interstate Land and Securities Company and was not given in payment for capital stock of that company. On August 13th, 1913, the Roseville Trust Company was closed by the commissioner of banking and insurance. This

note was found on the .desk of the secretary and treasurer. There was no entry in the books of the Roseville Trust Company that it had ever been placed to the credit of the Interstate Land and Securities Company, which was indebted to the Roseville Trust Company, at the time of its suspension, for overdrafts in approximately the sum of $15,000. On August 26th, 1913, the note was presented for payment to the representative of the commissioner of banking and insurance, having in charge the affairs of the Roseville Trust Company, and was protested for non-payment. An application for a rule to show cause was made to the trial court within the time allowed by the rules. The application was denied. 'The defendant contends that he is deprived of the right of review on the question of fact by the action of the trial judge, and that the questions involved are of such consequence to the defendant that he should at least be permitted to argue them before this court.

After reading of the testimony we have concluded that the defendant is at least entitled to argue the questions involved in this case before this court. A rule to show cause will be allowed.